310 So.2d 42 (1975)
Richard D. KIPER and Central Florida Greyhound College, Inc., Appellants,
v.
STATE of Florida, Appellee.
No. U-443.
District Court of Appeal of Florida, First District.
March 11, 1975.
Rehearing Denied April 16, 1975.
*43 J.B. Walkup, Jr., and Gregory E. Tucci, of Blowers, Walkup, Berk & Tucci, Ocala, for appellants.
Gordan G. Oldham, Jr., and Louis A. Tally, Leesburg, for appellee.
Carl E. Rude, Jr., of Ervin, Varn, Jacobs & Odom, Tallahassee, for amicus curiae.
BOYER, Judge.
The State of Florida, by and through the State Attorney for the Fifth Judicial Circuit, filed a complaint in the Circuit Court seeking to enjoin appellants from continuing an alleged public nuisance. The plaintiff, appellee here, adduced testimony from a single witness, seeking to establish by that witness that appellants' actions were in violation of F.S. 828.02 and F.S. 828.12. At the close of the plaintiff's case defendants (appellants here) moved for a judgment in their favor, in the nature of a directed verdict, which motion was denied. Defendants then called several witnesses and rested their case, renewing their motion which was again denied. The trial judge thereupon found that appellants were in violation of the above mentioned statutes and that their activities constituted a public nuisance, issuing the injunction prayed for. We reverse.
Our examination of the brief record reveals that the plaintiff below, appellee here, failed to establish by a preponderance of the evidence violation of F.S. 828.02 or F.S. 828.12, therefore the defendants' motion for a judgment in their favor at the close of the plaintiff's case and again at the close of all of the evidence should have been granted.
Even had violation of the above mentioned statutes been established the evidence falls far short of demonstrating the existence of a public nuisance.
Having determined that the order granting the injunction here appealed was improvidently issued we find it unnecessary to consider appellants' remaining point relating to the constitutionality of the above mentioned statutes as applied to appellants by the order here appealed.
Reversed.
RAWLS, C.J., concurs.
McCORD, J., dissents.
McCORD, Judge (dissenting).
This action was brought pursuant to § 828.12, Florida Statutes, which states as follows:
"Whoever unnecessarily overloads, overdrives, tortures, torments, deprives of necessary sustenance or mutilates or kills any animal, or causes the same to be done, or carries in or upon any vehicle, or otherwise, any animal in a cruel or *44 inhuman manner, shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083."
Section 828.02, Florida Statutes, defines the words "torture," "torment," and "cruelty" to include "every act, omission or neglect whereby unnecessary or unjustifiable pain or suffering is caused, except when done in the interest of medical science, permitted or allowed to continue when there is reasonable remedy or relief."
The evidence here shows that appellants operate a training racetrack for greyhound dogs. To train the dogs, appellants engage in two training operations. In one, appellants release live rabbits in an enclosure from which they cannot escape. Greyhounds are then turned into the enclosure where they run the rabbits down and chew them to pieces.
The other training operation consists of attaching live rabbits to mechanical lures. The lure and rabbit are then propelled around a racetrack with the dogs in hot pursuit with a mechanical device emitting a wailing sound. The testimony was that during the course of the trip the rabbit's eyes bulge and his mouth is open. The dogs are allowed to catch the rabbit and thereafter, if enough life is left in him, he is given another run around the track on the mechanical arm.
I am of the opinion that these operations are a continuing violation of the above statutes and constitute a public nuisance. I find no abuse of discretion by the trial judge in his enjoining such operations and no denial of equal protection of the laws or of due process to appellants resulting therefrom. These training procedures do not give the rabbit the usual sporting chance which is given game animals in the normal hunt. I would affirm.